UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:

                           Case No. 13-24004-JKO-BKC

PARAMOUNT GLOBAL PARTNERS, INC.,

    Debtor.
_____/

## TRUSTEE'S MOTION TO COMPEL DEBTOR TO ATTEND 341 MEETING AND FOR SANCTIONS

The Trustee, Chad S. Paiva, files this Motion to compel debtor to attend 341 meeting and for sanctions, and states as follows:

1. This case was commenced by the filing of a chapter 7 petition by the debtor on June 13, 2013.

2. The debtor's only asset is a free and clear condominium located at 5 S. Valencia Dr., Unit 2, Davie, Florida which is the residence of the debtor's principal, Enrico Young.

3. The only creditor disclosed on the schedules is the condominium association where the condominium is located. According to debtor's counsel, the bankruptcy case was filed by the debtor solely to try and work out a deal with the association which had obtained a foreclosure judgment against the property as a result of the debtor's failure to pay dues and/or assessments. A true and correct copy of the foreclosure judgment is attached hereto as Exhibit "A".

4. The 341 meeting was initially scheduled for July 9, 2013. Neither the debtor nor his counsel appeared at the July 9, 2013 341 meeting, and the Trustee continued the 341 meeting to August 2, 2013.

5. Prior to the July 9, 2013 meeting of creditors, the debtor apparently reached a settlement with the condominium association which is the reason neither the debtor nor debtor's counsel appeared at the 341 meeting.

6. On July 10, 2013, the Trustee spoke with debtor's counsel and an agreement was reached whereby Trustee agreed to accept $1,000.00 payable on or before the August 2, 2013 continued meeting of creditors in exchange for consent to dismissal of the case.

7. The Trustee contacted debtor's counsel the week of July 31st for a status and was told by debtor's counsel that the debtor had been non-responsive.

8. The debtor failed to appear at the August 2, 2013 continued 341 meeting.

9. Through this Motion, the Trustee requests that this Court enter an Order compelling the debtor to attend a 341 meeting of creditors, and sanction the debtor the sum of $500.00 for the Trustee having to file this Motion.

WHEREFORE, the Trustee, Chad Paiva, respectfully requests that this Court enter an Order granting the relief requested herein and for such other relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished by CM/ECF or via regular mail to all parties on the attached mailing list, this 8th day of August, 2013.

**CHAD S. PAIVA, TRUSTEE**

By: /s/ Chad S. Paiva, Trustee
Chad S. Paiva, Trustee
Greenspoon Marder, P.A.
250 South Australian Ave., Suite 700
West Palm Beach FL 33401
Telephone: (561) 227-2370
E-Mail: trustee@gmlaw.com

## CM/ECF and Regular Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Aramis Hernandez, Esq.     aramis@aramishernandez.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov

Via Regular Mail:
Paramount Global Partners, Inc., Debtor
5 S. Valencia Drive, Unit 2
Drive, FL 33324

2/11
120 days

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA
CASE NO: COWE12012230 (80)

26

VALENCIA VILLAGE CONDOMINIUM
ASSOCIATION, INC.,
a Florida Not-for-profit corporation,

    Plaintiff,

vs.

PARAMOUNT GLOBAL
PARTNERS INC., et al.

    Defendant(s).
_____/

**FINAL JUDGMENT OF FORECLOSURE**

THIS CAUSE came before the Court on **February 11, 2013** on Plaintiff's Motion for Final Summary Judgment Including Award of Attorneys Fees and Costs, and the Court having heard argument of counsel and having been otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Final Judgment of Foreclosure is entered in favor of Plaintiff VALENCIA VILLAGE CONDOMINIUM ASSOCIATION, INC. and against Defendants.

2. This Court has jurisdiction of the parties and the subject matter of this case.

3. The equities of this case are with Plaintiff and against Defendants in accordance with the further provisions of this Final Judgment.

4. There is due to Plaintiff, on account of the lien sought to be foreclosed herein, the following sums of money:

| | | |
|---|---|---|
| A. | Monthly Assessments through **November, 2012** | $ **3,848.75** |
| B. | Costs | $ **735.00** |
| C. | Attorneys Fees | $ **2,500.00** |
| **TOTAL** | | $ **7,083.75** |

5 pages

Exhibit "A"

together with interest at the legal rate of interest per annum from the date hereof, and such further costs as may be incurred by the Plaintiff in this action, including, but not limited to, the sale fee and publication of the Notice of Sale, and any advances made by the Plaintiff subsequent to the date specified in this paragraph which are proper.

5. Plaintiff holds a lien for the total sum specified in the preceding paragraph superior to any claim or estate of Defendants, on the following described property in Broward County, Florida:

UNIT NO. 2, BUILDING 5, VALENCIA VILLAGE PHASE 1, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 5704, PAGE 760, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA, AND ANY AND ALL AMENDMENTS THERETO. TOGETHER WITH ANY UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO. A/K/A 5 SOUTH VALENCIA DRIVE #2, DAVIE, FL 33324.

6. If the total sum with interest at the rate prescribed by law and all costs of this action and proper advances accruing subsequent to this Judgment are not paid forthwith, the Clerk of Court shall sell the property at public sale to the highest bidder for cash, [120 days from the date of this judgment] except as set forth hereinafter, on **JUN 1 4 2013**, 20___, at 10:00 a.m., at www.broward.realforeclose.com, the Clerk's website for on-line auctions, in accordance with Chapter 45.031, Florida Statutes; provided, however, that such sale shall not be held in the absence of Plaintiff's attorney or other representative.

7. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property at the sale. If prior to the sale, Plaintiff shall be required to advance any monies pursuant to the provisions hereof, then Plaintiff or its attorney shall so certify to the Clerk of this Court within 10 days of the issuance of

the Certificate of Sale. The amount due to Plaintiff as set forth in Paragraph 3 hereof shall be increased by the amount of such advances without further order of the Court. The Plaintiff may be the bidder for and the purchaser of the property at the sale. If Plaintiff shall be the purchaser at the sale, the Clerk shall credit on the bid of the Plaintiff the total sum found to be due herein to the Plaintiff, or such portion thereof as may be necessary to pay fully the bid on the Plaintiff. If Plaintiff is the successful bidder at the sale, Plaintiff's rights as such may be assigned to a third party and, in that event, the Clerk of this Court is hereby ordered and directed to issue the Certificate of Title to Plaintiff's assignee upon application of Plaintiff and without further Order of this Court.

8. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient by paying first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate unless Plaintiff is not successful bidder in which event the successful bidder shall pay the costs of said documentary stamps in addition to the amount of the bid; third, Plaintiff's attorney's fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate set forth in Paragraph 5 hereof from this date to the date of the sale, said sum to be paid to the attorney of record for Plaintiff; and by retaining any remaining amount pending the further order of this Court.

9. If the purchaser at said sale is someone other than the Plaintiff, said purchaser shall pay to the Clerk of Court immediately following the sale a deposit equal to 5% of the final bid. The deposit shall be applied to the sale price at the time of payment. If final payment is not made within the Clerk of this Court's prescribed time period, the Clerk shall readvertise the sale and pay all costs of said sale from the deposit in the Court Registry. Any remaining funds shall be applied toward the Final Judgment amount. If the purchaser at said sale is someone other than

the Plaintiff, said purchaser shall also pay any registry fee charged by the Clerk and the requisite documentary stamps before the Clerk is required to issue the Certificate of Title.

10. On filing the Certificate of Sale, Defendant and all persons claiming under or against them since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property. The Clerk of this Court is hereby directed to issue a Writ of Possession upon application of same by Plaintiff. If the United States of America is a Defendant herein, it shall have the right of redemption provided by 28 U.S.C. Sec. 2410(c) for the period provided therein, running from the date of Certificate of Title.

11. If the Plaintiff is the purchaser at the sale, upon confirmation of the sale, whether by the Clerk filing the Certificate of Title herein or by order of the Court ruling upon objections to the sale, the Plaintiff may permanently withdraw from the court file the original mortgage, the original promissory note and the original assignments of mortgage, and the photocopies of same attached to the complaint shall hereafter be and stand in lieu thereof.

12. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, writs of possession and deficiency judgment.

**DONE AND ORDERED**, in Chambers, Fort Lauderdale, Broward County, Florida this 11 day of Feb, 2013.

_____
COUNTY COURT JUDGE

Copies Furnished to:
John W. Stevens, III, Esq. 2 South University Drive, Suite 329, Plantation, FL 33324
service@stevensandgoldwyn.com
Paramount Global Partners Inc., C/O Enrico Renaldo A Young III, 5 South Valencia Drive Unit#2, Davie, FL 33324

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LEINHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE A PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, BROWARD COUNTY, 201 S.E. 6TH STREET, ROOM 230, FORT LAUDERDALE, FLORIDA 33301 WITHIN TEN (10) DAYS AFTER THE SALE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READY VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID SERVICE OF BROWARD COUNTY, INC. AT (954) 765-8950 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT LEGAL AID SERVICE OF BROWARD COUNTY, INC. FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.